**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:23 PM July 13, 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MICHAEL JACOB SHATTUCK, | ) | CASE NO. 11-63240 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6020 |
| | ) | |
| UNITED STATES TRUSTEE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF OPINION (NOT** |
| v. | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| MICHAEL JACOB SHATTUCK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Now before the court is the United States Trustee's ("Plaintiff") complaint to deny discharge under 11 U.S.C. § 727, filed on February 21, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Plaintiff filed a complaint to deny Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) and (4), alleging that Debtor failed to provide the chapter 7 trustee with records to account for the disposition of monies received pre-petition. In addition, Plaintiff alleges that Debtor knowingly filed false documents with his bankruptcy petition. On June 11, 2012 and June 14, 2012, the court held a trial on the complaint. Plaintiff called Debtor, chapter 7 trustee Anthony DeGirolamo, and bankruptcy analyst for the United States Trustee, Cathy Lowman, to testify. Debtor testified on his own behalf and also called Kevin D. Harris, a certified public accountant.

On December 10, 2010, Debtor received a settlement of $40,500.00 as a result of a vehicle accident while Debtor was on the job as a truck driver. Debtor utilized a check cashing establishment, paid a fee of $1,000.00 to have the check cashed, and received $39,500.00 in cash. Debtor then placed the cash in a travel bag and kept the travel bag in his truck with him while on the road.

On October 11, 2011, Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code. Debtor's petition, schedules, and statement of financial affairs did not report the $40,500.00. The settlement was not discovered until the first meeting of creditors when Debtor admitted to the chapter 7 trustee that he had received the money. Debtor claimed that he spent all of the money by the time he filed for bankruptcy. The chapter 7 trustee requested documentation of how Debtor spent the money between December 10, 2010 when he received it and October 11, 2011, when Debtor filed bankruptcy.[1] Debtor provided a voluminous set of receipts and bank statements. The chapter 7 trustee did not find this documentation to be sufficient and forwarded the matter to Plaintiff for review. Thereafter, Plaintiff commenced this adversary proceeding.

In response to this adversary proceeding, Debtor provided to Plaintiff the same set of voluminous receipts and bank statements, as well as a general ledger. Debtor employed his accountant, Kevin D. Harris, to create the ledger based on bank statements and receipts provided, as well as based on Debtor's statements of expenses incurred. The ledger detailed income and expenses from December 17, 2010 through January 12, 2012.

Between December 10, 2010 and October 11, 2011, in addition to the $40,500.00, Debtor also had income from other sources totaling $19,219.91. Thus, Debtor had total income of $59,719.91 during the relevant time period.[2] Debtor testified that he spent all of his income on living expenses and provided a ledger and copies of receipts to support his position. Debtor's ledger reports expenses totaling $34,183.11. However, the ledger contains expenses from outside the relevant time period, i.e. the expense was incurred either before December 10, 2010 or after October 11, 2011. After excluding the expenses that are outside the relevant time period, the ledger shows total expenses of $15,199.31.[3] Using the total income of $59,719.91 and the

---

1 The court refers to the period of December 10, 2010 through October 11, 2011 as the "relevant time period."
2 Debtor's ledger reports total income of $63,121.42 without restricting income to the relevant time period.
3 This figure includes the $1,000.00 fee that Debtor incurred to cash the $40,500.00 check. In addition, the court notes that Plaintiff's witness, Cathy Lowman, whom the court found to be entirely credible, testified that Debtor's

2

documented expenses of $15,199.31, there is $44,520.60 of income for which Debtor has failed to account.

## LAW AND ARGUMENT

11 U.S.C. § 727(a)(3) provides that:

> The court shall grant the debtor a discharge unless—the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3). Plaintiff bears the burden of proof to establish that Debtor did not maintain adequate records and is not entitled to a discharge. Fed. R. Bankr. P. 4005. To meet the burden of proof, there is a two-part analysis which requires both that the debtor "failed to keep or preserve adequate records" and "that such failure makes it impossible to ascertain the [Debtor's] financial condition." Pereira v. Young (In re Young), 346 B.R. 597, 608 (Bankr. E.D.N.Y. 2006) (citing Jacobowitz v. The Cadle Co. (In re Jacobowtiz), 309 B.R. 429, 436 (S.D.N.Y. 2004)); *accord* United States Trustee v. Welling (In re Welling), Case No. 11-60199, Adv. No. 11-6074, 2012 Bankr. LEXIS 2467, at 7 (Bankr. N.D. Ohio May 31, 2012). If Plaintiff meets this burden, then the burden shifts to Debtor to show that the failure to keep adequate records was justified. Young, 346 B.R. at 609; *accord* Robertson v. Dennis (In re Dennis), 330 F.3d 696, 703 (5th Cir. 2003). "A debtor's financial records need not contain 'full detail,' but 'there should be written evidence' of the debtor's financial condition." Dennis, 330 F.3d at 703.

   A. *Adequacy of Records and Failure to Ascertain Debtor's Financial Condition*

The test to determine whether financial records are adequate is "whether 'there [is] available written evidence made and preserved from which the present financial condition of the bankrupt … may be ascertained." Meridian Bank v. Alten, 958 F.2d 1226, 1230 (3d Cir. 1992) (quoting In re Decker, 595 F.2d 185, 187 (3d Cir. 1979)). There is no one correct way to maintain records. Meridian Bank, 958 F.2d at 1230. Written records, not oral testimony, are required. Allied Bus. Brokers, Inc. v. Amro (In re Amro), No. 04-8043, 2005 Bankr. LEXIS 1693, at 7 (B.A.P. 6th Cir. June 22, 2005) (citing In re Juzwiak, 89 F.3d 424, 429-30 (7th Cir. 1996)); *accord* In re Pimpinella, 133 B.R. 694, 698 (Bankr. E.D.N.Y. 1991).

> [Rather, i]t is a question in each instance of reasonableness in the particular circumstances. Complete disclosure is in every case a condition precedent to the granting of the discharge, and if such a disclosure is not possible without the keeping of books or records, then the absence of such amounts to that failure to which the act applies.

---

ledger accounted for only $13,653.48 in expenses during the relevant time period. Plaintiff's $13,653.48 figure excluded the $1,000.00 check cashing fee.

Meridian Bank, 958 F.2d at 1230. The court must make a case by case determination of the adequacy of a debtor's records, looking to the "debtor's occupation, financial structure, education, experience, sophistication, and any other circumstances that should be considered in the interest of justice." Jahn v. Morgan (In re Morgan), No. 09-17172, 2011 Bankr. LEXIS 5468, at 12 (Bankr. E.D. Tenn. Mar. 11, 2011) (quoting Turoczy Bonding Co. v. Strbac (In re Strbac), 235 B.R. 880, 882 (B.A.P. 6th Cir. 1999)). In addition, the court can consider whether the debtor was engaged in business, whether a failure to maintain records was the debtor's fault, the extent of any egregious conduct on the debtor's part, the degree of accuracy disclosed in the existing records, and the debtor's courtroom demeanor. Morgan, 2011 Bankr. LEXIS 5468 at 12-13 (quoting Hendon v. Lufkin (In re Lufkin), 393 B.R. 593 (Bankr. E.D. Tenn. 2008)).

Plaintiff asserts that Debtor failed to maintain adequate records. Specifically, Plaintiff relies on Debtor's ability to account for only $13,653.48 in expenses during the relevant time period. Plaintiff argues that Debtor is unable to account for additional expenses because he did not deposit the settlement money into a bank account. Instead, Debtor carried the cash around in a travel bag for months, operated on a cash basis, and failed to save receipts or preserve any history of his transactions.

Debtor is a late middle-aged man. He has been employed sporadically as a truck driver over the last several years and, at times, operated as an independent truck driver, leasing and maintaining his own truck. The court presumes that Debtor has no education beyond high school. As an independent truck driver, the court expects that Debtor maintained financial records that, at the very least, tracked his income and expenses related to jobs. Further, the court expects that at Debtor's stage in life he should have the experience necessary to maintain minimal financial records. At a minimum, the court expects that a person similarly-situated to Debtor would have deposited the settlement money into a bank account and allowed the bank statements to maintain financial records that would establish cash flow. Debtor's explanation for why he paid a large check cashing fee for the privilege of assuming the risk of having nearly $40,000.00 laying around in a bag was not compelling.

Debtor did not meet these expectations. Looking at Debtor's ledger, when the transactions are limited to those occurring in the relevant time period, by the court's accounting, Debtor accounted for income of $59,719.91 and expenses of $15,199.31, including the undocumented check cashing fee. Debtor cannot account for $44,520.60 of expenses. This large inexplicable discrepancy impels the conclusion that Debtor did not maintain adequate financial records.

If the court accepted Debtor's figures as provided on the ledger without any restriction, they still represent a discrepancy that illustrates a failure to maintain adequate records. Specifically, the expenses total $34,183.11, which when subtracted from the total income reported on the ledger of $63,121.42, leaves a discrepancy of $28,938.31. An ability to account for just over half of total expenses is indicative of a failure to maintain adequate financial records. While Debtor testified to additional expenditures not included on the ledger, this testimony cannot be

4

considered as written records as required.[4]

Debtor's failure to maintain records is entirely his fault. Debtor does not claim that he maintained records and that they were destroyed involuntarily. Nor does he claim that some other event derailed his efforts to maintain financial accounts. Debtor testified that he maintained records as best he could and better than most people could. Debtor is clearly under a false impression of most people's behavior. Regardless of how many physical receipts most people keep, most people would deposit large sums of money into a bank account, not pay a large fee to carry the money around in a bag. Debtor also testified that even if he deposited the money into his bank account, it would have shown only cash withdrawals and not how he spent the money. Even if the bank statements only showed when Debtor deposited the settlement money and withdrew cash during the ten-month period, those records are likely to be more detailed than what Debtor scrounged together and would show patterns and timing.

Finally, Debtor failed to disclose the settlement money at the time of filing his petition. "Complete disclosure is in every case a condition precedent to the granting of the discharge." Meridian Bank, 958 F.2d at 1230. There is a growing problem. Debtors and attorneys think that if they just file some papers, they are able to get a discharge. But the key is that debtors must file accurate papers to be entitled to a discharge. Here, Debtor made two crucial omissions on his schedules and statement of financial affairs. First, Debtor failed to properly answer questions #1 and 2 on his statement of financial affairs, which concerns income for the prior three years. Debtor failed to list the $40,500.00 settlement money received in 2010, failed to list any income at all for 2011, and the income that he did list was incorrect. Second, Debtor failed to list priority tax debt owed to the Internal Revenue Service on Schedule E. Debtor testified that he owes approximately $95,000 to the IRS and had paid an attorney to assist him with resolving the debt.[5] This debt does not appear anywhere in Debtor's schedules, despite Debtor's testimony that he believed it had been reported.

Plaintiff argues that Debtor's failure to maintain adequate records makes it impossible to ascertain Debtor's financial condition. As a result, there is a discrepancy of at least $28,938.31 by Debtor's accounting and $44,520.60 by the court's accounting between Debtor's income and expenses. Even if the court accepted Debtor's accounting, Debtor is unable to account for the expenditure of nearly half of his income on the ledger he provided to defend himself. A discrepancy of $28,983.31 severely limits Plaintiff's ability to ascertain Debtor's financial condition. Accordingly, Plaintiff established that Debtor failed to keep or preserve adequate records. The failure is so profound that Debtor's financial condition and business transactions may not be ascertained.

---

4 In addition to testimony regarding expenses, Debtor also orally advised his accountant of expenses for which he did not retain receipts. His accountant included these expenses on the ledger. These expenses were excluded from the court's accounting of the ledger because the dates fell outside the relevant period. Even if the expenses were dated within the relevant period, the court cannot consider them because they are not written records.

5 Debtor's decision not to deposit the settlement money into a bank account could have been related to the IRS, but Debtor did not say this. His explanation was borderline nonsensical relating to banks putting holds on accounts and the like.

5

B. *Debtor's Justification*

Courts employ an objective standard to determine if a debtor's lack of records is justified. Amro, 2005 Bankr. LEXIS 1693, at 8. "[T]he debtor's honest belief that he does not need to keep the records in question, or that his records are sufficient, or his statement that it is not his practice to keep additional records, does not constitute justification for failure to keep or preserve records under § 727(a)(3)." State Bank of India v. Sethi (In re Sethi), 250 B.R. 831, 839 (Bankr. E.D.N.Y. 2000) (citing Pimpinella, 133 B.R. at 698).

The burden shifts to Debtor to show that the failure to keep adequate records was justified. Debtor's testimony set forth two reasons why his failure to keep records was justified: first, that most people do not keep every receipt and second, that he is more comfortable dealing in cash than using banks to manage his money. Neither of Debtor's explanations justify a failure to keep adequate records.

If the court accepts that most people do not keep every receipt, Debtor's justification remains flawed. The average independent contractor retains receipts related to business income and expenses. Business expenses may be deductible for tax purposes and receipts would be retained for that purpose. Further, the average person may not retain every food or entertainment receipt, but would be able to produce receipts for rent, insurance, and other "big ticket" bills. Under an objective standard, Debtor's justification that most people would not retain receipts fails. Sethi, 250 B.R. at 839.

If Debtor had deposited the money into a bank account, as discussed above, his use of the bank account would serve to document the disposition of the money during the relevant time period. His bank account records would include a detailed accounting of how much money Debtor used at any given time, possibly how he used the money, and how much of the money remained of the settlement proceeds at any given point in time. While Debtor was under no obligation to deposit the settlement money into a bank account, the choice not to utilize a bank account did not relieve Debtor of his duty to maintain adequate financial records and does not provide a justification for the failure to keep records.

Accordingly, Debtor has not met his burden to establish that his failure to maintain records was justified.

## **CONCLUSION**

Plaintiff met the burden to establish that Debtor failed to maintain adequate records and that such failure makes it impossible to ascertain Debtor's financial circumstances. Debtor failed to meet his burden of proof that his failure to maintain records was justified. Debtor's discharge must be denied pursuant to 11 U.S.C. § 727(a)(3).

Having found in Plaintiff's favor with respect to count I of the complaint, denial of discharge pursuant to 11 U.S.C. §727(a)(3), the court need not consider count II of the complaint,

denial of discharge pursuant to 11 U.S.C. § 727(a)(4).

An order will be entered simultaneously with this opinion.

#  #  #

**Service List:**

Dean Wyman
Office of the United States Trustee
Suite 441
H.M. Metzenbaum U.S. Courthouse
201 Superior Ave., East
Cleveland, Oh 44114

Gerald B Golub
1340 Market Ave North
Suite 1
Canton, OH 44714

Michael Jacob Shattuck
6085 Gary Drive
Malvern, OH 44644